## No. 11,959.

Pioneer Ditch Company, et al. v. Florida Canal Enlargement Company.

Decided September 17, 1928.

Mr. REESE MCCLOSKEY, for plaintiffs in error.

Mr. FREDERIC L. SHERWIN, Mr. VICTOR W. HUNGER-FORD, Mr. B. W. RITTER, Mr. A. M. EMIGH, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE questions presented arise out of a general adjudication of water rights in water district number 30. On August 10, 1923, the referee filed his report accompanied by a proposed decree prepared by him. The referee's proposed decree awarded to the Florida Canal, under an enlargement claimed by the defendant in error, 20 cubic feet of water per second, which the referee found had been applied to the actual irrigation of 1,600 acres of land, under priority as of date March 13, 1907. The referee further found that the defendant in error had used due diligence in constructing its enlargement, and the proposed decree awarded to the defendant in error, conditionally, 51 cubic feet of water per second of time, under the same priority, for the irrigation of 4,080 additional acres, "to become effective and absolute only if, when and as the defendant in error should, within a reasonable time, apply the same to the irrigation of land lying under its enlargement." On the day the report and proposed decree were filed, the court, as required by statute (C. L., § 1782), caused an order to be entered setting September 24, 1923, as the day when the court would proceed to hear and determine the report, and directing that "all parties interested and desiring to make exceptions, objections or applications concerning said report, findings and decree shall file the same, in

writing, with the clerk of this court on or before'' said date. No objections were filed or made by the plaintiffs in error. The defendant in error, however, on September 24, 1923, filed its objection and exception to the portion of the referee's decree finding that, under the enlargement of the Florida Canal, the enlargement had been constructed for the irrigation of only 4,080 acres of additional lands and that it would be entitled by virtue of such enlargement to only 51 cubic feet of water for the irrigation of 4,080 acres of land. This same instrument contained an application requesting permission to show that, since the introduction of evidence before the referee, the defendant in error had enlarged the canal to a further capacity of 10 cubic feet of water per second of time and had used and applied such water to a beneficial use, and asked to have the absolute decree increased from 20 cubic feet of water per second of time to 30 cubic feet of water per second of time. It also requested that the amount conditionally decreed to the ditch, as of date March 13th, 1907, be increased from 51 cubic feet of water per second of time to 120 cubic feet of water per second of time. On October 29, 1923, upon notice given, the court heard the application of the defendant in error to have the absolute decree increased from 20 cubic feet of water per second to 30 cubic feet of water per second. Evidence was introduced, and the court reserved its decision. On November 8, 1923, the matter came on for hearing upon the referee's report and proposed decree, and upon the objections and exceptions thereto, and upon the application of the defendant in error. The court found that the defendant in error was entitled to an absolute decree awarding it 10 additional cubic feet of water per second, thus increasing the absolute decree from 20 cubic feet to 30 cubic feet of water per second. The court ordered the referee's decree amended accordingly, ''there being no objections by any claimant to such allowance.'' The court expressly reserved for future hearing and determination the objection of the defendant

in error to the limitation of the amount of water conditionally decreed. The court thereupon decreed, in favor of the defendant in error, that the Florida Canal was entitled to 30 cubic feet of water per second of time as of date March 13, 1907, by virtue "of the further enlargement of the Florida Canal," and that it would be entitled to an additional amount of water, through and by virtue of such enlargement, not exceeding 41 cubic feet of water per second of time, if and when such water shall have been applied to a beneficial use within a reasonable time. The plaintiffs in error made no objection and saved no exception to the referee's report, or to the referee's proposed decree, or to the decree made by the court, although they were present, in person or by counsel, during all these proceedings. The only matter left open for determination—and this was left open by consent of the parties—was the question whether the defendant in error was entitled to have more than 41 cubic feet of water per second awarded under a conditional decree.

On January 31, 1924, plaintiff in error The Pioneer Ditch Company filed its petition, alleging, in substance, that The Pioneer Ditch Company is a corporation and has certain adjudicated water rights; that the defendant in error had filed certain objections and exceptions to the referee's findings and proposed decree and an application for an additional award; that any change in the findings and proposed decree, as requested by the defendant in error, would greatly damage and wrong the petitioner; that the defendant in error was not entitled to the additional water requested by its objections and exceptions; and that there are other persons interested and whose rights will be jeopardized "by the changes demanded by said Florida Canal Enlargement Company in regard to the findings of the referee and the said proposed decree." The petition concludes with a prayer that the petitioner and others similarly situated be permitted to introduce further and additional evidence against the claims and

demands of the defendant in error, and to resist said claims and demands. These matters came on for hearing on September 8, 1925, when, for the first time, the plaintiffs in error questioned the water rights theretofore, without any objection or exception on the part of the plaintiffs in error, decreed to the defendant in error. The court held that the only matter reserved for determination, and then before the court, was the petition of the defendant in error to increase the amount of the conditional decree to 120 cubic feet of water per second, and that in view of all the circumstances disclosed by the record, the court had no right to diminish the amount that theretofore, without objection or exception on the part of the plaintiffs in error, had been decreed to the defendant in error. The court found from the evidence that the defendant in error was not entitled to any increase in the amount (41 cubic feet of water per second) theretofore conditionally decreed, and denied the defendant in error's application; thereby adjudging in favor of the plaintiffs in error the only issue properly before the court for determination at that time.

Section 1782, C. L., provides that upon the filing of the referee's report the court "shall cause an order to be entered setting some day in a regular or special term of said court as soon as practicable, when the court will proceed to hear and determine the report; at which time any party interested may appear by himself or counsel and move exceptions to any matter in the findings or decree made by said referee." The court set the day for the filing of exceptions to the referee's findings and proposed decree. No objection thereto was filed or made or exception saved by the plaintiffs in error; nor did they make any objection or save any exception to the findings and decree of November 8, 1923, although, during all the proceedings, they were present, in person or by counsel. In the circumstances, the court was right in refusing to reopen the questions theretofore decided by the court without any objection or exception on the part of the

plaintiffs in error, and in limiting the hearing to the question expressly reserved for consideration at that time, namely, whether the defendant in error was entitled to a conditional award in excess of that already decreed by the court.

The judgment is affirmed.

Mr. Chief Justice Denison, Mr. Justice Adams and Mr. Justice Campbell concur.